UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANCISCO GONZALEZ,

    Plaintiff,

    v.

D. L. RUNNELS; et al.,

    Defendants.

No. C 07-2303 MHP (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Francisco Gonzalez, a prisoner at the Pelican Bay State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. He filed a complaint that was a jumbled recitation of medical problems he contends were not adequately treated at the prison. After filing his complaint, he filed an amendment to the complaint that was a jumbled discussion of a disciplinary proceeding against him. The complaint and amended complaint are now before the court for review pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

A.   Review Of Pleadings

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted,

1 or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C.
2 §1915A(b)(1),(2).

3 To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that
4 a right secured by the Constitution or laws of the United States was violated and (2) that the
5 violation was committed by a person acting under the color of state law. See West v. Atkins,
6 487 U.S. 42, 48 (1988).

7 Although a plaintiff is not required to plead "specific factual details not ascertainable
8 in advance of discovery," Gibson v. United States, 781 F.2d 1334, 1340 (9th Cir. 1986), he
9 does not state a claim under 42 U.S.C. § 1983 if the allegations in the complaint are mere
10 conclusions, Kennedy v. H & M Landing, Inc., 529 F.2d 987, 989 (9th Cir. 1976). A
11 complaint must contain sufficient allegations to put defendants fairly on notice of the claims
12 against them. McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). A complaint that fails
13 to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the
14 notice requirements of Federal Rule of Civil Procedure 8(a). Hutchinson v. United States,
15 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). The failure to comply with Rule 8(e), requiring
16 each averment of a pleading to be "simple, concise, and direct," is also a basis for dismissal.
17 McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint
18 that was "argumentative, prolix, replete with redundancy, and largely irrelevant").

19 Gonzalez's complaint does not comply with Rule 8. It is so jumbled that the court
20 cannot determine whether he can state a claim for a violation of any of his constitutional
21 rights. For example, the first nine pages are about a variety of problems he encountered as he
22 tried to get help for some gastro-intestinal ailments – problems ranging from workers with
23 bad attitudes to workers ignoring his requests to failure to conduct tests. The allegations
24 jump around and are not set out on a coherent time-line. The reader also cannot understand
25 from the allegations whether Gonzalez did not receive any care for the entire time period
26 covered by his jumbled allegations, or merely suffered occasional delays. If a medical care
27 worker was rude to (or ignored) him one day, but that worker or another worker eventually
28 provided medical attention, the rudeness may be medically and legally irrelevant. His

2

amended complaint must present a coherent picture of the course and care or lack of care for his various medical problems. He also should explain how defendants' conduct caused harm to him. Additionally, he alleges that he may have an untreatable form of "colotis," see Complaint, p. 3; if so, he needs to allege why defendants should be held liable for their failure to treat or do further diagnostic work on an untreatable condition. The amended complaint needs to provide a coherent explanation of his claim, and the court will not read through exhibits to piece together a claim for a litigant who has not pled one.

Another problem with the complaint is that many of the allegations appear intended to rebut the respondent's evidence in a state habeas petition that Gonzalez had filed in the Del Norte County Superior Court asserting some of the same or related claims about his medical care. See Complaint, Exh. "HBC." After taking evidence and argument from the parties, the Del Norte County Superior Court concluded that there had not been a sufficient showing of deliberate indifference to Gonzalez's medical needs and denied the petition. See Complaint, Exh. E. A federal district court is a court of original jurisdiction and does not have appellate-type jurisdiction to review decisions from state court. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486-87 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). To the extent Gonzalez wants to complain about what happened in his habeas action in state court or wants to challenge the respondent's contentions in the state habeas proceedings, his recourse is an appeal in state court. The allegations regarding the state court action and allegations regarding the respondent's assertions in the state court action should not be repeated in the amended complaint as they do not state a claim for relief under § 1983.

Gonzalez also claims that a member of the medical staff engaged in "verbal abuse and harassment." Complaint, p. 22. Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997); Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see, e.g., Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive

3

comments by prison guard not enough to implicate 8th Amendment); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim); Burton v. Livingston, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right").  The harassment claim is dismissed without leave to amend.

After filing the complaint in this action, Gonzalez filed "amendment to civil complaint" in which he complained about a disciplinary decision.  The disciplinary decision claim is unrelated to the medical care claims and appears to involve different defendants. The amendment to the complaint does not satisfy Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants.  Rule 20(a) provides that all persons "may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."  Plaintiff's disciplinary due process claim is dismissed without leave to amend.  If he wants to challenge that disciplinary decision, he must do so in a separate action.  It is not clear whether such an action would have merit because it is not clear whether a final disciplinary decision was ever issued that resulted in an atypical and significant hardship or inevitably affected the duration of his confinement.  See Sandin v. Conner, 515 U.S. 472, 477-87 (1995).   Although he devoted more than a dozen pages to describing the disciplinary matter, Gonzalez never stated what, if any, discipline was ever imposed and/or whether he lost time credits.

Gonzalez must file an amended complaint.  Gonzalez must state each claim separately in his amended complaint.  For each claim, he must allege the facts showing his entitlement to relief from the defendants.  With some effort, Gonzalez can state his claims for relief such that they will be short and plain statements of each claim, rather than the rambling disjointed discussion of medical care concerns that existed in the original complaint.  He may wish to organize his amended complaint such that his allegations about the medical care are grouped into general medical problems – e.g., one part about the medical care for his gastro-intestinal

4

1   and abdominal problems and another part about the medical care for his mental health
2   problems.

3      The amended complaint must identify (in each claim) each and every defendant who
4   Gonzalez proposes to hold liable on that claim.  He must be careful to allege facts showing
5   the basis for liability for each individual defendant.  He should not refer to them as a group
6   (e.g. "the defendants"); rather, he should identify each involved defendant by name and link
7   each of them to his claim by explaining what each defendant did or failed to do that caused a
8   violation of his constitutional rights.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988)
9   (liability may be imposed on individual defendant under § 1983 only if plaintiff can show
10  that defendant proximately caused deprivation of federally protected right).  He is cautioned
11  that there is no respondeat superior liability under Section 1983, i.e. no liability under the
12  theory that one is responsible for the actions or omissions of an employee.  Liability under
13  Section 1983 arises only upon a showing of personal participation by the defendant.  Taylor
14  v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

15     Gonzalez has used John Doe defendant designations to refer to defendants whose
16  names are unknown to him.  Although the use of Doe defendants is acceptable to withstand
17  dismissal of the complaint at the initial review stage, using Doe defendants creates its own
18  problem:  those persons cannot be served with process in this action until they are identified
19  by their real names.  The court will not stall this action while plaintiff tries to learn the name
20  of the John Doe defendants.  Rather, plaintiff must promptly take steps to discover the name
21  of the unnamed defendants and provide that information to the court in an amendment to his
22  pleading.  The burden remains on the plaintiff; the court will not undertake to investigate the
23  names and identities of unnamed defendants

24     Gonzalez claims he was denied "PRN" injections on several occasions.  See
25  Complaint, pp. 17-19.  He needs to explain what he means by PRN injections (e.g., what
26  drug was supposed to be injected) and what was the consequence of each of the alleged
27  delays.  Gonzalez's pleadings are full of abbreviations not known to the court; he should
28  strive to avoid such excessive use of abbreviations in his amended complaint.

1    Gonzalez is cautioned that administrative remedies must be exhausted for each claim
2 asserted in a federal civil rights complaint before the action is filed. See 42 U.S.C. §
3 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. §
4 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other
5 correctional facility until such administrative remedies as are available are exhausted.")

6 B.    Motion For Appointment of Counsel

7    Plaintiff's motion for appointment of counsel to represent him in this action is
8 DENIED.  A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate
9 counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v.
10 Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  This requires an evaluation of both the
11 likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro
12 se in light of the complexity of the legal issues involved. See id.  Neither of these factors is
13 dispositive and both must be viewed together before deciding on a request for counsel under
14 section 1915(e)(1).  Exceptional circumstances requiring the appointment of counsel are not
15 evident.

**CONCLUSION**

17    The complaint is DISMISSED with leave to amend.  The amended complaint must be
18 filed no later than **October 31, 2007**, and must include the caption and civil case number
19 used in this order and the words AMENDED COMPLAINT on the first page.  Plaintiff is
20 cautioned that his amended complaint must be a complete statement of his claims and will
21 supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th
22 Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are
23 not alleged in the amended complaint.")  Failure to file the amended complaint by the
24 deadline will result in dismissal of this action.

25    IT IS SO ORDERED.
26 Dated: September 20, 2007            _____
27                         Marilyn Hall Patel
                          United States District Judge
28

6