UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANCISCO GONZALEZ,         No. C 07-2303 MHP (pr)

    Plaintiff,        **ORDER OF SERVICE**

   v.

D. L. RUNNELS; et al.,

    Defendants.
                                 /

## INTRODUCTION

Francisco Gonzalez, a prisoner at the Pelican Bay State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. The court did an initial review of his complaint and amended complaint, noted the numerous problems with the pleadings, and ordered Gonzalez to file a second amended complaint curing several identified defects. Gonzalez filed a second amended complaint that is now before the court for review under 28 U.S.C. § 1915A. Gonzalez's motion for disqualification of assigned judge and motion for injunctive relief also are before the court for consideration.

## BACKGROUND

Gonzalez is an inmate in the psychiatric housing unit at Pelican Bay. He apparently has chronic gastro-intestinal problems and allergies. Gonzalez's allegations and exhibits indicate that doctors disagree as to what exactly is wrong with him as well as the appropriate course of care. The second amended complaint alleges the following:

Chief medical officer ("C.M.O.") Dr. Sayre and Dr. Jain allegedly ignored a request from a specialist, Dr. Sogge, that Gonzalez be transferred to a medical facility. The transfer allegedly was for "enhanced testing & studies of rare colotis [sic] condition (diagnosed by Dr. Nguyen)." Second Amended Complaint ("SAC"), p. 3-E. Warden Runnels allegedly ignored Gonzalez's complaints and would not answer his personal letters addressing the problems about medical negligence and lack of bed space at the medical facility. Gonzalez alleges elsewhere that Dr. Nguyen requested enhanced testing and studies as early as October 12, 2006. Id. at 3-F. He also alleges that Dr. Nguyen also recommended a repeated colonoscopy and endoscopy within six months, but that was denied by Dr. Sayre and ignored by Dr. Jain. Id. at 3-F - 3-G.

Dr. Wabidullah allegedly denied him treatment for diarrhea and occasional vomiting for over eight months that may or may not have been before his visit to a clinic in January 2006 with an infection that was medication resistant. Id. at 3-I - 3-J.

Dr. Sayre allegedly cancelled tests and a surgical proceeding that had been ordered by a G.I. specialist on March 3, 2006. Id. at 3-J.

Gonzalez also alleges that on January 18, 2007, Dr. Sogge requested an allergist appointment, and "still the C.M.O. or P.B.S.P. have not been able to schedule one citing that they do not have a contract with one." Id. at 3-F.

On August 14, 2007, he requested emergency medical treatment for fever, and gastro-intestinal distress. Nurse Bohm and psychiatric technician Martin determined that his vital signs were abnormal. The emergency room nurse Timme did not provide medical treatment, and told Gonzalez his vitals were normal. He returned to his cell. Eleven days later he collapsed in his cell, allegedly as a result of the medical negligence and inadequate treatment by nurse Timme. He was taken to an outside hospital that day (i.e., August 23, 2007), where he spent three days. He alleges that doctors at the hospital determined that prison doctors misdiagnosed him and had given him the wrong medicines. The hospital doctors made recommendations when they discharged Gonzalez on August 25, 2007, including recommendations that a colonoscopy and endoscopy be done again, a high protein diet with

2

an Ensure supplement be provided, that he be seen by an allergist, and that he be provided with Nexium, ibuprofen and Metamucil.  C.M.O. Dr. Sayre, Dr. Martenalli and nurse practitioner McClean failed to implement these recommendations and later denied an administrative appeal.   Gonzalez was put in the prison infirmary on August 25, 2007 and was given medicine by Dr. Martenalli to which he was allergic.  Once the allergy developed, staff discontinued the medicine but the welts on his skin were not treated.

For more than three years, Dr. Sayre, Dr. Jain, Dr. Marino and Dr. Clark allegedly have refused to provide corrective surgery for Gonzalez's torn rotator cuff.  Id. at 3-H.

Dr. Van Os Del allegedly misdiagnosed a mental illness and obtained a 6-month Keyhea involuntary medication order for Gonzalez.  This allegedly was malpractice and torture. Gonzalez had an adverse reaction in July 2005 to the medications administered to him.  Id. at 3-I.

Gonzalez also included more generalized complaints about a variety of problems he has experienced with medical care people at the prison over the last several years.  He alleged that a nurse failed to check his vital signs on a daily basis, a technician denied him an injection, a nurse failed to provide a bed wedge, and medical staff denied an appeal for a container/bag.

**DISCUSSION**

A.   Review Of Pleadings

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. §1915A(a).  The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins,

3

487 U.S. 42, 48 (1988).

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 102-04 (1976). To prove that the response of prison officials to a prisoner's medical needs was constitutionally deficient, the prisoner must establish (1) a serious medical need and (2) deliberate indifference to that need by prison officials. See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. See Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994). A mere difference of opinion as to which medically acceptable course of treatment should be followed does not establish deliberate indifference. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.), cert. denied, 519 U.S. 1029 (1996).

Liberally construed, the second amended complaint states a cognizable § 1983 claim against the following defendants for their responses to Gonzalez's medical needs with regard to his gastro-intestinal and allergy problems: Dr. Sayre, Dr. Jain, warden D.L. Runnels, Dr. Wabidullah, Dr. Martenalli, and nurse practitioner McLean for their activities described in the "background" section above.

Liberally construed, the second amended complaint also states a cognizable § 1983 claim against defendants Dr. Sayre, Dr. Jain, Dr. Marino and Dr. Clark for their alleged refusal to provide corrective surgery on Gonzalez's torn rotator cuff.

The second amended complaint does not state a claim for relief under § 1983 against Dr. Van Os Del, who allegedly misdiagnosed a mental illness and engaged in malpractice. A claim of medical malpractice or negligence, such as is alleged against Dr. Van Os Del is insufficient to make out a violation of the Eighth Amendment. See Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004). To the extent the second amended complaint attempts to challenge the propriety of the Keyhea order, that would have to be done in the state court in

4

1  which the order was issued.  His allegations that nurse Timmes negligently failed to provide
2  him emergency treatment also do not state an Eighth Amendment claim for relief.

3  All other claims mentioned in the second amended complaint are dismissed without
4  further leave to amend because the court already provided instructions to Gonzalez on what
5  he had to do to allege the claims and he was unable or unwilling to do so.   Most notably, the
6  court had indicated a concern that it was unable to understand whether the alleged
7  misconduct had any consequence for Gonzalez.  See Order Of Dismissal With Leave To
8  Amend, p. 3.  His allegations that a nurse failed to conduct daily vital checks at an unstated
9  time for an unstated duration fails to comply with the direction to explain how a defendant's
10 conduct caused harm to him  His allegations that a psychiatric technician negligently denied
11 him an injection at an unstated time do not comply with the court's order to explain the
12 consequence of the alleged delay or denial of the injections.  Id. at 5.  In fact, the exhibit he
13 refers to as support for the claim shows it was a one-time event: medication was delayed due
14 to maintenance on a cell door in the housing unit and Gonzalez refused to accept the
15 medicine when it was delivered four hours late).  The allegations do not state a claim for
16 deliberate indifference to a serious medical need for a 4-hour delay in medication due to a
17 maintenance problem.   Likewise, his allegations that nurse Anjime and unidentified medical
18 staff did not provide a bed wedge that Dr. Sogge had ordered, and medical staff denied an
19 appeal for a container/bag for him, SAC at 3-D, fail to explain how these events caused harm
20 to him, as the court had instructed in the Order Of Dismissal With Leave To Amend, p. 3.
21 Without these allegations, the second amended complaint does not state a claim for deliberate
22 indifference to a serious medical need.

23 B.    Miscellaneous Motions

24 Gonzalez filed a motion under 28 U.S.C. § 144 for disqualification of the undersigned
25 on the ground that she "made a conflicting & prejudice ruling by denying the plaintiff a court
26 appointed attorney," (docket # 16, p. 1) and issued a "questionable decision" that failed to
27 protect him from a dangerous doctor, John Douglas.  Dr. Douglas is not even listed as a
28 defendant in the second amended complaint.  Section 144 provides for recusal of the judge

5

1 before whom a matter is pending upon the filing by a party of a "sufficient affidavit that the
2 judge . . . has a personal bias or prejudice either against him or in favor of any adverse
3 party." Plaintiff's affidavit is not legally sufficient. It is well-established that actions taken
4 by a judge during the normal course of the proceedings are not a proper ground for
5 disqualification. See United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999) (judge
6 properly denied motion for disqualification based on his prior service as prosecutor and his
7 actions during the proceedings because neither ground required recusal); see also United
8 States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566-67 (9th Cir. 1995) (affidavit
9 inadequate when based on conclusory allegations of bias). Accordingly the motion for
10 disqualification is DENIED. (Docket # 11.)
11     Gonzalez also filed a motion for an injunction preventing the medical staff from
12 withholding medications that apparently have been stopped so that particular diagnostic tests
13 may be conducted on plaintiff. The "traditional" test for injunctive relief requires the movant
14 to: (1) establish a strong likelihood of success on the merits; (2) show the possibility of
15 irreparable injury to the plaintiff if the preliminary relief is not granted; (3) show a balance of
16 hardships favoring the movant; and (4) show that granting the injunction favors the public
17 interest. See Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League, 634 F.2d
18 1197, 1200 (9th Cir. 1980). The "alternative" test requires that the movant demonstrate
19 either a combination of probable success on the merits and the possibility of irreparable
20 injury, or that serious questions are raised and the balance of hardships tips sharply in his
21 favor. See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003). Under
22 either test, the likelihood of success on the merits matters. Gonzalez has not make an
23 adequate showing of his likelihood to succeed on the merits and the materials in the record
24 raise doubts about it. The record now before the court suggests that Gonzalez has difficult
25 and chronic medical problems as to which there are considerable disagreements among the
26 doctors concerning both the diagnosis and appropriate course of care. The court also notes
27 that among the exhibits Gonzalez filed with his second amended complaint is correspondence
28 from the Prison Law Office indicating that a lawyer there (who represents the plaintiff class

6

in a class action pertaining to medical care and other conditions at Pelican Bay) had made inquiries and concluded that at least some of Gonzalez's complaints were unfounded. Further, Gonzalez's statements in his motion that he needs the medications that have been stopped for his ulcerative colitis seem at odds with the premise of his second amended complaint, which is that he does not have ulcerative colitis and prison staff misdiagnosed him as having it. Gonzalez explains that he was told that he would only get the colonoscopy and endoscopy if he stopped his medications; his medication was stopped on May 28, 2008, and at least the colonoscopy already had been done by the time he filed the motion. The court concludes that, on the record now in the court file, it would be inappropriate to order doctors to provide those medications that they have decided should be stopped. The motion for an injunction is DENIED. (Docket # 13.)

## CONCLUSION

For the foregoing reasons,

1.     Plaintiff has stated a cognizable § 1983 claim against Dr. Sayre, Dr. Jain, warden D.L. Runnels, Dr. Wabidullah, Dr. Martenalli, nurse practitioner McLean, Dr. Marino and Dr. Clark for deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. All other defendants and all other claims are dismissed.

2.     The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint and this order upon the following defendants, all of whom apparently are employed at Pelican Bay State Prison:

  Dr. Michael Sayre (chief medical officer)
  Dr. Bhawna Jain
  warden D. L. Runnels
  Dr. Wabidullah
  Dr. Martenalli
  Maureen McClean (family nurse practitioner / health care manager)
  Dr. Rick Marino
  Dr. Clark

3.     In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

  a.     No later than **October 10, 2008**, defendants must file and serve a

7

motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

      b.     Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **November 14, 2008**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

      c.     If defendants wish to file a reply brief, they must file and serve the reply brief no later than **November 28, 2008**.

4.     All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

7. Plaintiff's motion for disqualification and motion for injunctive relief are denied. (Docket # 11, # 13.)

IT IS SO ORDERED.

Dated: July 30, 2008

_____
Marilyn Hall Patel
United States District Judge