UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO GONZALEZ, | No. C 07-2303 MHP (pr) |
| Plaintiff, | **ORDER OF PARTIAL DISMISSAL** |
| v. | |
| D. L. RUNNELS; et al., | |
| Defendants. | |

## INTRODUCTION

Francisco Gonzalez, an inmate at Pelican Bay State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. The action is now before the court for consideration of the motion to dismiss filed by defendants Sayre, McLean and Jain. For the reasons discussed below, the court will grant the motion to dismiss in part, dismissing all claims except Gonzalez's claim that he has been denied surgery for a torn rotator cuff.

## BACKGROUND

In his second amended complaint, plaintiff alleged several claims for deliberate indifference to his medical needs at Pelican Bay State Prison. The motion now before the court is a motion to dismiss filed by defendants Sayre, McLean and Jain. The allegations in the second amended complaint regarding these defendants are that (1) Dr. Sayre and Dr. Jain ignored Dr. Sogge's request that plaintiff be transferred to a medical facility; (2) Dr. Sayre denied and Dr. Jain ignored Dr. Nguyen's recommendation for a repeated colonoscopy and endoscopy in October 2006; (3) Dr. Sayre cancelled tests and a surgical procedure ordered by a G.I. specialist on March 3, 2006; (4) Dr. Sayre did not schedule an appointment with an allergist requested by Dr. Sogge on January 18, 2007; (5) Dr. Sayre and

nurse McLean failed to implement recommendations made by hospital doctors when they discharged plaintiff from the hospital on August 25, 2007; and (6) Dr. Sayre and Dr. Jain refused to provide corrective surgery for plaintiff's torn rotator cuff.  Although Gonzalez did not label them as claims 1-6, the court has done so for ease of reference throughout this order.

Defendants have moved to dismiss on several grounds.  First, they argue that dismissal is required because administrative remedies were not exhausted as to claims 1, 2, 4, and 5.  Second, they argue that claim 3 is barred by the doctrine of res judicata.  Third, they argue that claims 3 and 6 fail to state a claim upon which relief may be granted.  Fourth, they argue that declaratory and injunctive relief requests should be dismissed because they are covered by the Plata class action.  Plaintiff has opposed the motion to dismiss.

## DISCUSSION

A. <u>Claims 1, 2, 4 and 5 Are Dismissed For Failure To Exhaust Administrative Remedies</u>

Defendants Jain, McLean and Sayre move under the unenumerated portion of Rule 12(b) to dismiss the claims that Dr. Sayre and Dr. Jain ignored Dr. Sogge's request that plaintiff be transferred to a medical facility (claim 1), that Dr. Sayre denied and Dr. Jain ignored Dr. Nguyen's recommendation for a repeated colonoscopy and endoscopy in October 2006 (claim 2), that Dr. Sayre did not schedule an appointment with an allergist requested by Dr. Sogge on January 18, 2007 (claim 4), and that Dr. Sayre and nurse McLean failed to implement recommendations made by hospital doctors when they discharged plaintiff on August 25, 2007 (claim 5).

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." See Cal. Code Regs. tit. 15, § 3084.1(a).  In order to exhaust available administrative remedies within this system, a

1 prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal
2 written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution
3 head or designee, and (4) third level appeal to the Director of the California Department of
4 Corrections.  See id. § 3084.5; Woodford v. Ngo, 548 U.S. 81, 85-86 (2006).

5    Exhaustion in prisoner cases covered by § 1997e(a) is mandatory.  Porter v. Nussle,
6 534 U.S. 516, 524 (2002).  Even when the prisoner seeks relief not available in grievance
7 proceedings, notably money damages, exhaustion is a prerequisite to suit.  Id.; Booth v.
8 Churner, 532 U.S. 731, 741 (2001).  The statute requires "proper exhaustion" of available
9 administrative remedies.  See Woodford v. Ngo, 548 U.S. at 93.

10    A prisoner's failure to exhaust administrative remedies is a matter in abatement.
11 Defendants have the burden of raising and proving the absence of exhaustion, and may do so
12 by way of an unenumerated Rule12(b) motion.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th
13 Cir.), cert. denied, 540 U.S. 810 (2003).  "In deciding a motion to dismiss for a failure to
14 exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed
15 issues of fact."  Id. at 1119-20, citing Ritza v. Int'l Longshoremen's & Warehousemen's
16 Union, 837 F.2d 365, 368 (9th Cir. 1988).

17    Gonzalez did not exhaust the administrative remedies available to him.  He never filed
18 an inmate appeal that (a) concerned claims 1, 2, 4, or 5 and (b) received a decision at the
19 director's level before he filed this action.  Gonzalez's several inmate appeals did not suffice
20 for exhaustion purposes.

21    Gonzalez filed only two inmate appeals that received director's level decisions before
22 the action was filed and concerned medical issues: PBSP 05-1916 and PBSP 06-1272, but
23 neither concerned claims 1, 2, 4, or 5.  Inmate appeal log # PBSP 05-1916, filed on July 4,
24 2005, requested Ensure to address weight loss problems, and requested an MRI and CT scan
25 for chest pain and to further evaluate plaintiff's medical condition.  Insofar as the appeal
26 concerned his request for Ensure, the response was that he did not need Ensure to supplement
27 his diet at the time because the prison diet provided sufficient calories per day for him to
28 maintain his weight, that he had received a chrono for extra sack lunches, and that his weight

3

was being monitored by being checked every two weeks.  The inmate appeal was denied at the director's level on February 8, 2006.  Grannis Decl., Exh. B.  Inmate appeal log # PBSP 06-1272 complained about several medical care problems, including the allegedly inadequate treatment for nausea, acid reflux, and an abdominal pain condition.   The director's level response dated October 3, 2006  stated that plaintiff had received an endoscopy on July 5, 2006, and a colonoscopy and upper GI scope on September 19, 2006; based on these results, a special diet and transfer to a medical facility was deemed not necessary.   Grannis Decl., Exh. H.  In light of the second amended complaint's focus on defendant-doctors' failure to follow specific directives of other doctors, these inmate appeals that were about other problems did not exhaust the claims.

Plaintiff filed other inmate appeals concerning some of the issues in this action, but they were not filed and did not receive director's level decisions until many months after this action was filed on April 27, 2007.  See Grannis Decl., Exh. N Opposition Exhs. S7, S8.  These inmate appeals (i.e., inmate appeal log # PBSP 07-11212, PBSP 08-11981, and PBSP 08-12024) did not satisfy the exhaustion requirement because dismissal is required if the prisoner has not exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending.  McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006).  Several other inmate appeals failed to satisfy the exhaustion requirement because they concerned issues other than the cognizable claims in the second amended complaint or failed to ever reach the director's level for review.  Gonzalez's ADA accommodation request did not exhaust administrative remedies because it did not comply with the procedure available under Cal. Code Regs. tit. 15, §§ 3084.1, 3084.5, and did not mention any misconduct by anyone; moreover, the response was a directive that plaintiff ask the medical staff for an informal response, and there is no evidence that plaintiff ever did that.

The prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. Gonzalez did not. Defendants have carried their burden to prove that Gonzalez did not

4

1  satisfy the exhaustion requirement with regard to claims 1, 2, 4 and 5.

2  Defendants' motion to dismiss is GRANTED as to the claims that Dr. Sayre and Dr. Jain ignored Dr. Sogge's request that plaintiff be transferred to a medical facility, that Dr. Sayre denied and Dr. Jain ignored Dr. Nguyen's recommendation for a repeated colonoscopy and endoscopy in October 2006, that Dr. Sayre did not schedule an appointment with an allergist requested by Dr. Sogge on January 18, 2007, and that Dr. Sayre and nurse McLean failed to implement recommendations made by hospital doctors when they discharged plaintiff on August 25, 2007.  The fact that Gonzalez did not exhaust his administrative remedies as to the claims against the three moving defendants also means that other defendants named in these claims should be dismissed because the same non-exhaustion problem exists for his claims against them.  The dismissal of these claims is without prejudice to Gonzalez filing a new action in which he asserts claims as to which administrative remedies have been exhausted.

B. <u>Claim 3 is Barred By Res Judicata</u>

Defendants next urge that the claim that Dr. Sayre cancelled tests and a surgical procedure ordered by a G.I. specialist on March 3, 2006 (i.e., claim 3), is barred by the doctrine of res judicata because plaintiff had litigated and lost that claim in state court.

The related doctrines of res judicata and collateral estoppel limit litigants' ability to relitigate matters.  Under the doctrine of res judicata (also known as the claim preclusion doctrine), "a final judgment on the merits of an action preludes the parties or their privies from relitigating issues that were or could have been raised in that action. . . .  Under collateral estoppel [also known as the issue preclusion doctrine], once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980).

Under the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." <u>Migra v. Warren</u>

1  City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984).  A civil rights claim brought under
2  42 U.S.C. § 1983 in federal court is subject to principles of issue and claim preclusion by a
3  prior state court judgment.  See Allen, 449 U.S. at 97-98 (issue preclusive effect in federal
4  court of state proceedings is same as that accorded in state's own courts); Migra, 465 U.S. at
5  84 (extending rule of Allen to cover claim preclusion as well as issue preclusion).

6         A civil rights action under § 1983 thus may be dismissed as barred by res judicata, for
7  example, if a prior California state court judgment rendered a valid judgment on the merits in
8  favor of a defendant.  See Takahashi v. Bd. of Trustees, 783 F.2d 848, 850-51 (9th Cir.), cert.
9  denied, 476 U.S. 1182 (1986) (citing Slater v. Blackwood, 15 Cal.3d 791, 795 (1976)).  State
10 habeas proceedings also can have issue or claim preclusive effect on later § 1983 actions.
11 See Silverton v. Dep't of Treasury, 644 F.2d 1341, 1347 (9th Cir.), cert. denied, 454 U.S. 895
12 (1981) (state habeas proceeding precludes identical issue from being relitigated in subsequent
13 § 1983 action if state habeas court afforded full and fair opportunity for issue to be heard).

14        The state court records attached to defendants' request for judicial notice show that
15 claim 3 in this action would repeat that which has already been litigated in Gonzalez v.
16 C.D.C.R. Director, Warden & CMO et al., Del Norte County Superior Court Case No. HCPB
17 06-5090.  In that state court action, Gonzalez alleged that, during a consultation with Dr.
18 Stokes, she scheduled and ordered a colonoscopy and endoscopy, and an appointment was
19 made at Mad River Hospital in Arcata that was cancelled by respondents, including Dr.
20 Sayre.  Request For Judicial Notice, Exh. 1, Petition, pp. 3-4.  He also claimed that there
21 were "various 'John-Does' to be named who were directly or indirectly involved."  Id. at 6.
22 Although the date of the consultation with Dr. Stokes is listed as April 3, 2006, and as March
23 3, 2006 in his federal civil rights second amended complaint, Gonzalez's "response to re-
24 oppose defendant's motion" makes clear that the cases are referring to the same event.
25 See Docket # 77, pp. 3 and Exh. B-2.  Gonzalez alleged that he had been denied the adequate
26 medical care required by state and federal laws.  Id.  After the Del Norte County Superior
27 Court issued an order to show cause, a return and traverse with supporting documents were
28 filed.  Upon review of the materials, the court denied the habeas petition, and "conclude[d]

1 that there is not a sufficient showing of deliberate indifference to the Petitioner's medical
2 needs."  Request For Judicial Notice, Exh. 2, 12-5-06 Order.

3       The claim in Gonzalez's second amended complaint, p. 3-J, that Dr. Sayre improperly
4 cancelled the testing and procedure ordered by Dr. Stokes is the same claim as filed in the
5 state habeas petition and is based on the violation of the same primary rights.  See Takahashi,
6 783 F.2d at 851.  One of the respondents in the state habeas petition was the chief medical
7 officer, who was Dr. Sayre.  The claim raised in the state habeas petition was actually
8 litigated and necessarily decided.  The Del Norte County Superior Court's denial of
9 Gonzalez's state habeas petition was final and on the merits and thus is entitled to full
10 preclusive effect.  Because Gonzalez is asserting the same claim that was actually decided in
11 state court, he is precluded from relitigating it and claim 3 is dismissed with prejudice.  See
12 Silverton, 644 F.2d at 1347.

13 C.     <u>Claim 6 Does Not Fail To State A Claim Upon Which Relief May Be Granted</u>

14       Defendants urge under Rule 12(b)(6) that the second amended complaint's allegation
15 that Dr. Sayre and Dr. Jain refused to provide corrective surgery for a torn rotator cuff fails to
16 state a claim.  (They also argue for Rule 12(b)(6) dismissal of Claim 3, but that argument
17 need not be decided because Claim 3 was dismissed as barred by res judicata.)

18       Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss on
19 the ground that there is a "failure to state a claim upon which relief may be granted."  A
20 motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim
21 to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570
22 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 (1957)).  The court "must accept as true
23 all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94
24 (2007), but need not accept as true allegations that are legal conclusions, unwarranted
25 deductions of fact or unreasonable inferences.  See Sprewell v. Golden State Warriors, 266
26 F.3d 979, 988, amended, 275 F.3d 1187 (9th Cir. 20001).

27       In claim 3, Gonzalez alleged that, "for more than 3 years," Dr. Sayre, Dr. Jain, Dr.
28 Marino and Dr. Clark "refused to provide corrective surgery on his torn rotator cuff."

7

Second Amended Complaint, p. 3-H. He also alleged that after an appeal was denied, he continued to complain of the pain but was ignored, and that the current treatment of Myoflex cream is inadequate. Id.

Defendants contend that these allegations fail to state a claim of deliberate indifference because the second amended complaint does not allege who recommended corrective surgery or when that recommendation was made. The court disagrees. The absence of this kind of detail does not make the pro se pleading legally deficient. The name of the recommending surgeon and date of that recommendation are the sort of facts that could be learned through discovery or a motion for more definite statement. In fact, Gonzalez now has provided the information. In "plaintiff's response to re-oppose defendants' motions," he asserts that "Dr. Buscho diagnosed the torn rotator cuff in 2005." Docket # 77, p. 4. He also states that he continually complained of, among other things "shoulder pain/torn rotator cuff though sick call slips (Exh. A-2)." Docket # 77, p. 5. Dr. Buscho is or was a doctor at Pelican Bay. See id. at 3 and Exh. B-2. Surely defendants can search their records and find out when and whether Dr. Buscho considered shoulder complaints from Gonzalez. The motion to dismiss is denied as to claim 6. That claim can proceed as pled.

D.   The Injunctive And Declaratory Relief Requests

Defendants argue that the requests for declaratory and injunctive relief should be dismissed because they are covered by the Plata class action and therefore must be pursued in that action.

Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is a pending class action suit involving the same subject matter. See McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc). "Individual members of the class and other prisoners may assert any equitable or declaratory claims they have, but they must do so by urging further actions through the class representative and attorney, including contempt proceedings, or by intervention in the class action." Id. A class action seeking only declaratory and injunctive relief does not bar subsequent individual claims for damages

8

by class members, however.  See Hiser v. Franklin, 94 F.3d 1287, 1291 (9th Cir. 1996), cert. denied, 520 U.S. 1103 (1997).

Plata v. Schwarzenegger, Case No. C 01-1351 TEH, is a class action in which the plaintiffs' class consists of all CDCR prisoners with serious medical needs.  Earlier, the Plata class excluded prisoners at Pelican Bay, but they were added to the Plata class as of June 6, 2008.  Before the order adding him and other prisoners at Pelican Bay to the Plata class, Gonzalez was a member of the plaintiff class in Madrid.  See Madrid v. Gomez, Case No. C 90-3094 TEH.

Because Gonzalez is a prisoner in the CDCR, and complains of serious medical needs, his requests for declaratory and injunctive relief fit directly within the subject matter of the Plata class action and must be pursued through that litigation.  Gonzalez is apparently aware of this kind of procedure, as he wrote to the class counsel in the Madrid class action concerning a different medical problem in 2007.  See Second Amended Complaint, Exh. LN.  Gonzalez should comply with the instructions in the Plata Stipulation For Injunctive Relief for pursuing his requests for injunctive and declaratory relief by writing to class counsel.  See Request For Judicial Notice, pp. 4-5.

E.    Scheduling

Having granted defendants' motion to dismiss in part, there remains for adjudication only the claim that defendants Sayre, Jain, Marino and Clark have refused to provide corrective surgery for a torn rotator cuff.  This claim is not intervowen with his other medical problems, as the dismissed claims concern gastro-intestinal problems and this is an orthopedic issue.  With this narrowed focus, it is likely that this action may be resolved expeditiously.  In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

1.    No later than **November 13, 2009**, defendants must file and serve a motion for summary judgment or other dispositive motion.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

2.    Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **December 18, 2009**. Plaintiff must bear in mind the notice and warning regarding summary judgment included in the Order of Service as he prepares his opposition to any summary judgment motion:

3.    If defendants wish to file a reply brief, they must file and serve the reply brief no later than **January 8, 2010**.

Additionally, no later than **November 20, 2009**, defendants must file and serve a report about plaintiff's efforts to utilize the Plata class action procedures to obtain treatment for his shoulder problems. Defendants' report should (1) state whether prison medical staff have been contacted by the Plata class counsel regarding Gonzalez's shoulder problems, (2) describe any response by prison medical staff to the Plata class counsel, and (3) if any part of the response is that services/tests are scheduled in the future regarding the shoulder problems, state the date(s) on which those services/tests will occur.

Two of the defendants for the rotator cuff surgery claim have not been served with process, apparently because they were no longer working at Pelican Bay when service was attempted. In order to expedite this matter, defense counsel shall provide the court (under seal if he prefers) with the last known address for Dr. Rick Marino and Dr. Clark no later than **October 30, 2009**. Upon receipt of the address information, the Marshal will attempt service of process on those defendants.

## CONCLUSION

Defendants' motion to dismiss is GRANTED in part. (Docket # 32.) All claims are dismissed except the claim that defendants Sayre, Jain, Marino and Clark have refused to provider corrective surgery for a torn rotator cuff. The parties shall comply with the deadlines in the "Scheduling" section above.

IT IS SO ORDERED.

Dated: September 25, 2009

_____
Marilyn Hall Patel
United States District Judge

10